IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BILL LIETZKE,<br><br>      Plaintiff,<br><br>v.<br><br>COUNTY OF MONTGOMERY, ET AL,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:12-CV-00268-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

  Before the Court is Bill Lietzke's ("Plaintiff") Motion to Disqualify Magistrate Judge Evelyn J. Furse.[1] 28 U.S.C. § 455(a) provides that "[a]ny . . . magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."[2]  Section 455 sets forth an objective standard where the movant must show that a "reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality, and rumor, speculations, and the like do not suffice." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  *See In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).  As the Plaintiff has failed to provide any proper showing of personal bias or prejudice, no reasonable person, knowing all the relevant facts and circumstances would doubt this Court's

---

[1] *See* docket  no. 11.

[2] *See* 28 U.S.C. § 144:

  Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further.

impartiality in this case.  As the Plaintiff has failed to cite to any facts that warrant disqualification, the Court DENIES Plaintiff's motion to disqualify.

    SO ORDERED.

    DATED this 6th day of August, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge