IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BILL LIETZKE,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF MONTGOMERY, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:12-cv-00268-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Bill Lietzke filed motions to disqualify Magistrate Judge Paul M. Warner and Magistrate Judge Evelyn J. Furse.  (*See* Docket Nos. 8, 26, 27, 29.)  Because Mr. Lietzke proceeds pro se, the Court liberally construes his filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).  The Court finds the Motion to disqualify Magistrate Judge Warner moot because Judge Warner is no longer assigned to this case.  The Court denies Plaintiff's other Motions for Disqualification because he fails to provide any facts that can form a valid basis for his Motions.

### A. Legal Standards

28 U.S.C. sections 144 and 455 govern disqualification of judges.  A judge whose recusal is sought under 28 U.S.C. section 144 or 455 need not transfer the matter to another judge but may decide the motion herself.  *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 353 F. Supp. 2d 1160, 1172 (D. Utah 2005) (citations omitted).

Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A judge must also disqualify

himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

The standard for disqualification under section 455 is objective. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). Under this standard:

> disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality. There must be a reasonable factual basis to question the judge's impartiality. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.

*Id.* at 1269–70 (citations omitted).

A party who seeks to disqualify a judge under section 144 must file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must be timely and "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* "Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted); *see also In re McCarthey*, 368 F.3d at 1269 (noting the party seeking disqualification bears burden to "demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial" (citation omitted)). An affidavit "is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (quotations and citations omitted).

**B. Disqualification Is Not Justified**

Mr. Lietzke filed a motion to disqualify Magistrate Judge Paul M. Warner on May 16, 2012. (Docket No. 8.) Five days after Mr. Lietzke filed this Motion—and with no intervening case activity—this case was reassigned from Magistrate Judge Warner to Magistrate Judge Furse. (Docket No. 9.) Accordingly, the Court finds this Motion (Docket No. 8) moot to the extent it seeks to disqualify Magistrate Judge Warner.[1]

Mr. Lietzke also filed three documents in this case that this Court reads as, among other things, motions to disqualify Magistrate Judge Paul M. Warner and Magistrate Judge Evelyn J. Furse. (*See* Docket Nos. 26, 27, 29.)[2] For the reasons stated above, the Court finds these motions moot to the extent they seek to disqualify Magistrate Judge Warner. To the extent these motions seek to disqualify Magistrate Judge Furse, they lack merit, and the Court denies them.

Reading his filings liberally, Mr. Lietzke cites as grounds for disqualification that Magistrate Judge Furse failed to comply with Judge Nuffer's Order of Reference under 28 U.S.C. section 636(b)(1)(B). In addition, Mr. Lietzke alleges Magistrate Judge Furse failed to: manage the case, receive motions, hear oral arguments, conduct evidentiary hearings, recuse from this case, "submit resignation to the U.S. District Judge," and conduct any proceedings. (*See* Docket Nos. 26, 27, 29.) Examining the filings in this case, Mr. Lietzke argues for

---

[1] This motion also requested a speedy trial under the Sixth Amendment. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI. By its plain language, the Sixth Amendment applies only to criminal, not civil, cases. *Branham v. Astrue*, No. 7:08-CV-123(HL), 2009 WL 1025393, at *2 (M.D. Ga. Apr. 15, 2009) (citing cases recognizing inapplicability of Sixth Amendment to civil cases). Accordingly, the Court denies this Motion (Docket No. 8) to the extent it seeks a speedy trial.

[2] Docket No. 26 also appears to seek entry of default judgments against the Defendants. To the extent this Motion seeks such relief, it will be addressed by the Court in a subsequent document.

disqualification based on the lack of movement in the case. This ground alone does not provide a sufficient basis for disqualification under either section 455 or section 144. *Barnett v. City of Chicago*, 952 F. Supp. 1265, 1269 (N.D. Ill. 1997) (noting that a judge's administration of his or her docket "should not be confused with animus or partiality"). Mr. Lietzke does not provide any specific facts to question the impartiality of Magistrate Judge Furse. Moreover, Mr. Lietzke did not file an affidavit—or anything this Court could construe as an affidavit—as required by section 144. Accordingly, the Court denies Mr. Lietzke's Motions for Disqualification (Docket Nos. 26, 27, 29).

## CONCLUSION

For the reasons stated above, the Court FINDS AS MOOT Plaintiff's Motion to Disqualify Magistrate Judge Warner (Docket No. 8), DENIES Plaintiff's Motion for a Speedy Trial (Docket No. 8), and DENIES Plaintiff's Motions to Disqualify Magistrate Judge Furse (Docket Nos. 26, 27, 29).

DATED this 19th day of February, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge