IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BILL LIETZKE, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| | Case No.  2:12-cv-00268-DN-EJF |
| v. | |
| COUNTY OF MONTGOMERY, et al., | District Judge David Nuffer |
| Defendants. | Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Bill Lietzke, proceeding in forma pauperis, filed a Complaint in this District against the County of Montgomery, Alabama; Reese McKinney; D.T. Marshall; Todd Strange; and Kevin Murphy.[1]  (Docket No. 3.)  In a vague and confusing Complaint, Mr. Lietzke alleges claims for malicious prosecution, false imprisonment, kidnapping, and violations of his constitutional rights.  *See id.*  Defendants McKinney, Murphy, and Strange filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(1)–(3), (6) and 28 U.S.C. section 1915(e)(2)(B).  (*See* Docket Nos. 19, 22, 24.)  The Court recommends these Motions to Dismiss be granted for lack of personal jurisdiction, or in the alternative, for improper venue and because the applicable statute of limitations bars Mr. Lietzke's claims.  Because Mr. Lietzke proceeds pro se, the Court liberally construes his filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

---

[1] Mr. Lietzke did not name Todd Strange or Kevin Murphy in the Complaint but did list them on the Civil Cover Sheet.  (Docket No. 3.)  The Court will construe the Complaint to include claims against Todd Strange and Kevin Murphy because Mr. Lietzke proceeds pro se. *See accord Lignell v. Catholic Church*, No. 2:09-CV-1151-CW-PMW, 2010 WL 2521452, at *4 n.28 (D. Utah May 6, 2010) (unpublished) (construing pro se civil rights complaint liberally), *report and recommendation adopted,* No. 2:09-CV-1151-CW, 2010 WL 2496392 (D. Utah June 17, 2010).

1

Because this Court granted Mr. Lietzke leave to proceed in forma pauperis, it must dismiss this action if at any time this Court determines the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, having reviewed the Complaint, finds that it lacks personal jurisdiction over the Defendants, venue does not lie in the District of Utah, and the relevant statute of limitations bars Mr. Lietzke's claims. The undersigned Magistrate Judge therefore recommends the District Court dismiss this case without prejudice under 28 U.S.C. section 1915. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (noting power of district court to dismiss under section 1915 for lack of personal jurisdiction and improper venue where defenses appear on the face of the complaint (citations omitted)); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (noting power of district court to dismiss under section 1915 where the statute of limitations bars the claims on their face (citation omitted)).

## FACTUAL BACKGROUND

Mr. Lietzke's alleged claims all arise out of two incidents, briefly summarized as follows. First, Mr. Lietzke alleges that on August 2, 1999, Defendants McKinney and Marshall removed Mr. Lietzke from his home in Alabama and transported him to Jackson Hospital in Montgomery, Alabama. Defendants McKinney and Marshall then allegedly took Mr. Lietzke to the Montgomery County Probate Court, where they initiated an action against him, for the alleged purpose of involuntarily confining Mr. Lietzke at the Greil Memorial Psychiatric Hospital, also located in Montgomery, Alabama.

The second incident Mr. Lietzke alleges is identical to the first in every way except he identifies the date of this second incident as December 19, 2002, and alleges Defendants

McKinney and Marshall transported him to a different hospital—this time Greil—before taking him to the Probate Court.

Mr. Lietzke's Complaint does not state his claims are brought under section 1983, but his civil cover sheet described his cause of action as a civil rights case brought under section 1983. (Docket No. 3.) Although the civil cover sheet by its very language does not supplement a pleading, "[i]n the spirit of liberally construing Plaintiff's pleadings," the Court will read Mr. Lietzke's Complaint to include reference to section 1983. *See Lignell*, 2010 WL 2521452, at *4 n.28 (construing pro se civil rights complaint liberally to include reference to 42 U.S.C. sections 1983 and 1985); *see also Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. 2011) (unpublished) (noting that the Second Circuit has "expressed a willingness to permit a plaintiff to rely on a civil cover sheet in lieu of his complaint . . . where the plaintiff was proceeding *pro se* or *in forma pauperis*") (citations omitted); *Willis v. Citi Residential Lending*, No. CIV S-07-2691 GEB DAD PS, 2008 WL 2074477, at *1 (E.D. Cal. May 8, 2008) (unpublished) (noting court had read entries on pro se plaintiff's civil cover sheet together with allegations in complaint as asserting claims under federal statutes (citing *Hughes v. Rowe,* 449 U.S. 5, 9 (1980))).

Mr. Lietzke's Complaint alleges claims for malicious prosecution, false imprisonment, kidnapping, and violations of his constitutional rights. However, Mr. Lietzke does not identify any separate facts giving rise to his claims for constitutional rights violations. Given the Court liberally construes his filings, the Court will construe Mr. Lietzke's identification of alleged constitutional rights violations as part of his section 1983 claims. *See Casanova*, 595 F.3d at 1125 (citation omitted) (noting liberal construction of pro se filings).

## DISCUSSION

First, the Court will address the sufficiency of Mr. Lietzke's claims under the authority of the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2)(B). Second, the Court will address other motions currently pending in this case.

### A. Dismissal Under The In Forma Pauperis Statute

Whenever the Court grants a party leave to proceed in forma pauperis under 28 U.S.C. section 1915 (the "in forma pauperis statute"), the Court must "dismiss the case at any time if the court determines" the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In addition to these specifically enumerated grounds, a court may properly dismiss an action under section 1915 where the court lacks personal jurisdiction, *Trujillo*, 465 F.3d at 1217, venue does not lie, *id.*, or the appropriate statute of limitations bars the action, *Fogle*, 435 F.3d at 1258. A court may only, sua sponte, dismiss a case on these bases where "the defense is obvious from the face of the complaint and no further factual record is required to be developed [and] . . . it is clear that [the plaintiff] can allege no set of facts to support personal jurisdiction or venue." *Trujillo*, 465 F.3d at 1217 (internal citations and quotation marks omitted, alterations in original); *see also Fogle*, 435 F.3d at 1258.

**1. Personal Jurisdiction**

As the Plaintiff, Mr. Lietzke "bears the burden of establishing personal jurisdiction over the defendant." *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996) (quotation omitted). Mr. Lietzke's Complaint, even construed liberally in his favor,

evidences on its face that the Court does not have personal jurisdiction over the Defendants in Utah.

A federal court considering whether it has personal jurisdiction over a defendant in a federal question case must determine "'(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Trujillo*, 465 F.3d at 1217 (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  "Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed. R. Civ. P. 4(k)(1)(A) refers" this Court to Utah's long-arm statute. *Id.*

The Utah Supreme Court interprets Utah's long-arm statute broadly to allow personal jurisdiction "to the fullest extent allowed by due process of law."  *Synergetics v. Marathon Ranching Co., Ltd.*, 701 P.2d 1106, 1110 (Utah 1985).  As such, the Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute."  *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998) (citations omitted).  Accordingly, the Court turns directly to the constitutional issue.

For jurisdiction over a nonresident defendant not to offend due process, "minimum contacts between the defendant and the forum State" must exist.  *Trujillo*, 465 F.3d at 1217–18 (quoting *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)).  If the court finds it has either specific or general jurisdiction over the defendant, the case satisfies the "minimum contacts" standard.  A court may assert general jurisdiction over a defendant "based on the defendant's general business contacts with the forum state." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984)). "'[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts."'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996)). A court may assert specific jurisdiction over a defendant where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations omitted).

Even where minimum contacts exist, a court must also satisfy itself that the exercise of personal jurisdiction over the defendant does not offend "'traditional notions of fair play and substantial justice.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987)). "This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *Id.* (citing *Asahi*, 480 U.S. at 113). This reasonableness determination looks to the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo*, 465 F.3d at 1221 (quotation omitted).

The Complaint alleges no contacts whatsoever between the Defendants and Utah. The Complaint alleges all events to have occurred in Alabama, and all of the parties, including Defendants, appear to reside in Alabama. According to the caption on Mr. Lietzke's Complaint, the Defendants are the County of Montgomery, Alabama, and Montgomery County Sheriff's officers. The Complaint, even read liberally in Mr. Lietzke's favor, does not allege or indicate

6

otherwise. Rather, the only contact any of the Defendants appear to have with Utah from the face of the Complaint is having been named as a Defendant in an action filed in Utah. Nothing suggests the Defendants "should reasonably [have] anticipate[d] being haled into court [in Utah]." *Trujillo*, 465 F.3d at 1221 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Defendants in this action lack minimum contacts with Utah. Moreover, the assertion of personal jurisdiction over the Defendants in Utah, given this lack of contacts, would unquestionably offend "traditional notions of fair play and substantial justice." *OMI Holdings*, 149 F.3d at 1091 (quotation omitted).

This Court lacks personal jurisdiction over the Defendants, and the Complaint makes "'clear that [Mr. Lietzke] can allege no set of facts' . . . to support personal jurisdiction."[2] *Trujillo,* 465 F.3d at 1217 (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985)). The Court should thus dismiss this case under the in forma pauperis statute. *See id.*

**2. Venue does not lie in Utah**

A district court may also dismiss a case filed under the in forma pauperis statute for improper venue where "'the defense is obvious from the facts of the complaint and no further factual record is required to be developed,' and . . . 'it is clear that the plaintiff can allege no set of facts to support . . . venue.'" *Johnson v. Christopher*, 233 F. App'x 852, 853–54 (10th Cir. 2007) (quoting *Trujillo*, 465 F.3d at 1217). The face of the Complaint makes clear that venue does not lie in Utah.

---

[2] Defendants McKinney, Murphy, and Strange each filed a motion to dismiss. (Docket Nos. 19, 22, 24.) Each raised the defenses of lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2)–(3) and thus has not waived personal jurisdiction and venue. *See* Fed. R. Civ. P. 12(h)(1).

Where no specific venue provision applies, 28 U.S.C. section 1391governs venue. Under the general venue statute, the plaintiff may bring a civil case in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Complaint provides no facts to support venue in Utah. The Complaint suggests Defendants reside in Alabama, and all of the alleged events giving rise to this action occurred in Alabama. Thus, venue does not lie Utah under either section 1391(b)(1) or 1391(b)(2). Section 1391(b)(3) provides no basis for venue in Utah because, as discussed above, no Defendant in this action is subject to personal jurisdiction in Utah. Venue would appear to lie Alabama—not Utah. The Complaint makes clear Mr. Lietzke can allege no set of facts to support venue in Utah. *See Trujillo*, 465 F.3d at 1217. In fact, Mr. Lietzke's Complaint at one point mistakenly identifies this Court as the United States District Court for the District of Idaho, (Compl. 4), further evidencing Mr. Lietzke's apparent confusion regarding the proper venue for this action. Thus, the Court should dismiss this case under the in forma pauperis statute. *See id.*; *Johnson*, 233 F. App'x at 853–54.

**3. Statute of Limitations**

The relevant statute of limitations also bars Mr. Lietzke's claims. State law of the forum determines the statute of limitations applicable to cases under section 1983. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (citing *Board of Regents v. Tomanio*, 446 U.S. 478 (1980)).

8

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Brock v. Herbert*, 435 F. App'x 759, 762 (10th Cir. 2011) (quoting *Fratus*, 49 F.3d at 675). A cause of action under section 1983 "'accrues when facts that would support a cause of action are or should be apparent.'" *Fogle*, 435 F.3d at 1258 (citing *Fratus*, 49 F.3d at 675).

Mr. Lietzke alleges the events giving rise to his claims under section 1983 occurred on one day in 1999 and one day in 2002. When Mr. Lietzke filed his Complaint in March 2012, the four-year statute of limitations for actions under section 1983 had long since expired, and thus the statute of limitations bars Mr. Lietzke's claims. The Court should thus dismiss this action under the informa pauperis statute. *See Fogle*, 435 F.3d at 1258 (citing *Fratus*, 49 F.3d at 674–75).

### B. Other Motions

In addition to the Motions to Dismiss filed by some of the Defendants (Docket Nos. 19, 22, 24), Mr. Lietzke filed motions for appointment of counsel (Docket No. 4), service of process (Docket No. 5), and default judgment (Docket No. 26).[3] Because the Court concludes the Motions to Dismiss should be granted and Mr. Lietzke's claims should also be dismissed under the in forma pauperis statute, the Court need not address the specifics of these other motions. Accordingly, the Court recommends these motions be deemed moot.

---

[3] Docket No. 26 also sought the disqualification of Magistrate Judge Evelyn J. Furse. This Court previously denied that Motion to the extent it sought disqualification. (*See* Docket No. 30.)

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** as follows:

1. The District Court **DISMISS** this action without prejudice under 28 U.S.C. § 1915.[4]

2. The District Court **GRANT** Defendants' motions to dismiss (Docket Nos. 19, 22, 24).

3. The District Court deem as **MOOT** Plaintiff's Motion to Appoint Counsel (Docket No. 4), Motion for Service of Process (Docket No. 5), and Motion for Default Judgment (Docket No. 26).

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of February, 2013.

BY THE COURT:

*/s/ Evelyn J. Furse*
Evelyn J. Furse
United States Magistrate Judge

---

[4] Although a district court has discretion to cure jurisdictional and venue defects sua sponte under 28 U.S.C. sections 1406(a) and 1631 rather than dismissing the case without prejudice, *Trujillo*, 465 F.3d at 1222–23, dismissal is appropriate here because Alabama's applicable statute of limitations, which is two years, also bars Mr. Lietzke's claims. *See Hutcherson v. Riley*, No. 06-657-WS-C, 2006 WL 2989214, at *5 n.7 (S.D. Ala. Oct. 18, 2006) (unpublished) (noting two year limitations period for section 1983 actions in Alabama and citing authorities), *aff'd*, 468 F.3d 750 (11th Cir. 2006).